### ALFRED TUCKER *vs.* GEORGE W. WHITE.

A surety upon a bond given to dissolve an attachment is discharged by an amendment of the writ, after its entry in court, by joining and summoning in a new party as a defendant, and the discontinuance of the action as to one of the original defendants, without notice to the surety.

CONTRACT upon a bond given to dissolve an attachment. At the trial in the superior court, upon agreed facts, which are stated in the opinion, judgment was ordered for the plaintiff; and the defendant alleged exceptions.

*J. C. Dodge,* for the defendant.

*D. E. Ware,* for the plaintiff.

MERRICK, J. There has been no breach of the condition of the bond declared on. It was given to the plaintiff, under the provisions of Gen. Sts. *c.* 123, § 104, to dissolve an attachment of property made on a writ in his favor against S. H. Stinson

and T. H. Haskell, copartners under the firm of Stinson & Co., and was executed by them as principals and by the defendant as their surety. The condition of the bond is, that the obligors shall pay to him the amount of the judgment which he shall recover in that suit. The true meaning and effect of this contract, upon a just construction of the terms in which it is expressed, and in reference to the object and purpose for which it was made, are to bind the obligors to pay to the plaintiff whatever sum he should recover against the principals in the bond, who were then the only defendants in the action. No recovery has been had against them, and consequently the plaintiff can have no claim against the present defendant for the non-performance of his contract.

After the bond was given, and the action had been entered in court, Stinson pleaded in abatement the non-joinder of one Charles J. Brockway, and Haskell pleaded the mis-joinder of himself. The plaintiff thereupon discontinued his action against Haskell. Subsequently to this, and upon due proceedings being first had, Brockway was brought in and made a joint defendant with Stinson, and the plaintiff ultimately recovered judgment against them. It is the amount of this judgment which he now seeks to recover of this defendant upon an alleged breach of the condition of his bond. But he never took upon himself any such obligation. By executing the bond he became the surety of Stinson and Haskell, but not of Brockway, and he could not without his own consent be placed in such relation to the latter, or held to the alleged liability by any writ or proceeding on the part of the plaintiff alone.

The amendments of the writ, by the discontinuance of the suit against Haskell and by making Brockway a defendant, which were allowed by the court, were fully authorized. Rev. Sts. *c.* 100, §§ 1–7. *St.* 1852, *c.* 312, §§ 32, 33. Gen. Sts. *c.* 129, §§ 41, 82. But it is expressly provided in each of the two last cited statutes, that no person, other than the parties to the suit, shall be bound by any adjudication respecting such amendments, unless he shall have had due notice of the application for leave to amend, and opportunity to be heard thereon ; that is, in other

words, according to the true interpretation of the statute, that he shall not be injuriously affected, or subjected to any liability not already existing, by force of any adjudication in any pro· ceeding to which he was not, in some legal manner, himself made a party. This is a just and reasonable as well as a posi- tive provision of law. It is not pretended that the present de- fendant was ever legally notified of the application for leave to make the amendment by which the plaintiff was allowed, upon the discontinuance of his suit against Haskell, to bring in and make Brockway a party, and therefore he cannot be bound or affected by it, or by any of the proceedings which afterwards took place, or by the judgment which was recovered against Stinson and Brockway. He never assumed and the law has not imposed upon him any obligation to pay the amount of that judgment.              *Judgment for the defendant*